In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-14-00066-CV

_____

IN THE INTEREST OF G.D.P.

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CV 1205979**

## MEMORANDUM OPINION

This is a parental-rights termination case in which the State concedes error. We reverse and render the trial court's judgment terminating the mother's parental rights; otherwise, with respect to the termination of the father's parental rights and the decision to award permanent custody to the Texas Department of Family and Protective Services, the judgment is affirmed.

In this appeal, the Department does not challenge the trial court's finding that G.D.P., the child who is the subject of the judgment at issue, is an "Indian child" within the meaning of the Indian Child Welfare Act. *See* 25 U.S.C. §

1

1903(4). Following a jury trial, the jury found, beyond a reasonable doubt, that the parent-child relationship between G.D.P. and her mother, M.L., should be terminated.[1] *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (L), (M), (2) (West 2014); Tex. Penal Code Ann. § 22.04 (West Supp. 2013), § 22.041 (West 2011); *see also In the Interest of J.B.*, No. 09-11-00305-CV, 2012 WL 2849267 (Tex. App.—Beaumont July 12, 2012, no pet.) (mem. op.) (affirming termination of the parent-child relationship between the appellant and four of her other children). In two issues, Mother (1) challenges the sufficiency of the evidence supporting the trial court's finding relating to two of the requirements needed for termination under the Indian Child Welfare Act ("ICWA"), and (2) complains that the trial court incorrectly instructed the jury about the elements the Department was required to prove in a termination proceeding involving the ICWA. *See* 25 U.S.C. § 1912(d), (f).

The Department concedes that it did not obtain all of the required findings required in termination proceedings under the ICWA. For example, under the ICWA, the party seeking to effect a foster care placement shall provide remedial services to mothers of Native Americans designed to reunify the family. *Id*. §

---

[1] G.D.P.'s father, A.P., relinquished his parental rights in the same proceeding. He did not appeal the judgment.

1912(d). In this appeal, the Department concedes the record does not contain legally sufficient evidence that it provided Mother with these services.

Because the parties have agreed that Mother's parental rights to G.D.P. must be reinstated, we reverse the trial court's judgment in part, rendering judgment that the Department of Family and Protective Services' petition requesting termination of the parent-child relationship between M.L. and G.D.P. is denied. Because no party has requested additional relief or a remand for further proceedings, the remainder of the trial court's judgment is affirmed. *See* Tex. R. App. P. 42.1(a)(2) (permitting reversal of the trial court's judgment by agreement of the parties).

REVERSED AND RENDERED IN PART; AFFIRMED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on May 30, 2014
Opinion Delivered July 10, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

3